THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD WILLIAM MCDONALD,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(1)(A)**<br><br>Case No. 4:20-cr-00029-DN<br><br>District Judge David Nuffer |

Defendant Richard William McDonald ("Mr. McDonald") filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) ("Motion").[1] Mr. McDonald, who is currently on home confinement,[2] argues that his chronic illnesses, a temporary inability to access vitally necessary medications, and the newest wave of COVID-19 infections constitute "extraordinary and compelling reasons" sufficient to reduce his sentence to time served.[3] The government filed an Opposition[4] to his Motion and the United States Probation Office filed a recommendation to deny the Motion.[5] Mr. McDonald did not file a reply. Briefing for the Motion is complete.[6] Because Mr. McDonald fails to demonstrate that his circumstances constitute extraordinary and compelling reasons to warrant a reduced sentence, Mr. McDonald's Motion is DENIED.

---

[1] Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A) ("Motion"), docket no. 28, filed Dec. 23, 2021.

[2] *Id*. at 5.

[3] *Id*. at 1–2, 4–11.

[4] United States' Response to Defendant's Motion for Compassionate Release ("Opposition"), docket no. 34, filed Jan. 27, 2022.

[5] First Step Act Relief Recommendation ("Recommendation"), docket no. 33-3, filed under seal Jan. 3, 2022.

[6] Docket no. 31, entered Dec. 27, 2021.

## BACKGROUND

On September 20, 2018, the St. George Police Department began an investigation after Curtis Johansen, owner of Johansen's Pool Service (the "Company"), reported that Mr. McDonald, the Company's former accountant, had embezzled money from the Company over a period of several years.[7] When Mr. Johansen learned that Mr. McDonald was providing false accounting statements to the Company, Mr. McDonald was fired.[8] Upon further investigation, Mr. Johansen learned that Mr. McDonald had embezzled well over $400,000 from the Company for his personal use.[9] Mr. McDonald also continued to make purchases on a Company card after he had been officially terminated from the Company.[10]

On February 18, 2020, Mr. McDonald was charged with one count of wire fraud under 18 U.S.C. § 1343 ("Information").[11] Mr. McDonald pleaded guilty to the Information[12] and was sentenced to be imprisoned for 24 months.[13]

Mr. McDonald self-surrendered on January 29, 2021.[14] After serving about 8 months of his sentence, he was released to home confinement on September 28, 2021.[15] Mr. McDonald has now served over half his sentence.[16] Mr. McDonald suffers from obesity, essential (primary)

---

[7] Presentence Investigation Report ("PSR") ¶¶ 6–7 at 4, docket no. 33-2, filed Jan. 3, 2022.

[8] *Id*. ¶ 11 at 5.

[9] *Id*. ¶¶ 6–10 at 4–5.

[10] *Id*. ¶ 10 at 5.

[11] Felony Information, docket no. 1, filed Feb. 18, 2020; PSR ¶ 1 at 4.

[12] Docket no. 9, entered Jun. 15, 2020; PSR ¶ 2 at 4.

[13] Judgment in a Criminal Case ("Judgment"), docket no. 24, filed Dec. 4, 2020.

[14] First Step Act Relief Eligibility Report ("Report") ¶ 11 at 4, docket no. 33, filed Jan. 3, 2022.

[15] *Id*. ¶ 11 at 4.

[16] *Id*.; *see also* Judgment.

hypertension, asthma, and clinical depression.[17] Mr. McDonald is fully vaccinated against COVID-19.[18]

## DISCUSSION

### Mr. McDonald's Motion is procedurally proper.

"The First Step Act . . . modified 18 U.S.C. § 3582(c) to allow a defendant federal prisoner to file [a] motion [for compassionate release or a sentence modification] with the court him or herself."[19] However, to file such a motion, a defendant must have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."[20] If one of these requirements is satisfied, "a court may reduce a defendant's sentence if it finds that 'extraordinary and compelling reasons warrant such a reduction,' and that such reasons 'could not reasonably have been foreseen by the court at the time of sentencing.'"[21] In making this determination, the court must also consider the factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable.[22]

Mr. McDonald submitted a request for relief under the First Step Act to the Warden at F.P.C. Montgomery.[23] The Warden denied Mr. McDonald's request on March 22, 2021.[24] On

---

[17] Motion at 5–6; Opposition at 10; Recommendation at 1.

[18] Opposition at 10; Exhibit A, Medical Records at 207, 209, docket no. 35-1, filed under seal on Jan. 27, 2022.

[19] *United States v. Williams*, No. 2:17-cr-00417-DAK, 2020 WL 806026, *1 (D. Utah Feb. 18, 2020) (citing 18 U.S.C. § 3582(c)(1)(A); *United States v. Willis*, 382 F.Supp.3d 1185, 1187 (D. N.M. 2019)).

[20] 18 U.S.C. § 3582(c)(1)(A) (emphasis added).

[21] *Williams*, 2020 WL 806026, *1 (quoting 18 U.S.C. § 3582(c)(1)(A)(i); 28 C.F.R. § 571.60).

[22] 18 U.S.C. § 3582(c)(1).

[23] Motion at 3–4; Opposition at 2; *see also* Motion, Exhibit A, docket no. 28, filed Dec. 23, 2021.

[24] *Id.*

December 23, 2021, Mr. McDonald filed his Motion.[25] Therefore, the Motion is procedurally proper and its merits may be addressed.[26]

### The Tenth Circuit's three-step test for compassionate release motions.

The Tenth Circuit recently adopted the Sixth Circuit's three-step test for considering motions for compassionate release.[27] First, the district court must "find whether extraordinary and compelling reasons warrant a sentence reduction."[28] Second, the district court must "find whether such reduction is consistent with applicable policy statements issued by the Sentencing Commission."[29] And third, the district court shall "consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case."[30] "[D]istrict courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others."[31] "But when a district court grants a motion for compassionate release, it must of course address all three steps."[32]

"At step one of the test . . . a district court must find whether extraordinary and compelling reasons warrant a sentence reduction."[33] "[D]istrict courts, in applying [step one of the] test, have the authority to determine for themselves what constitutes extraordinary and

---

[25] Docket no. 28, filed Dec. 23, 2021.

[26] 18 U.S.C. § 3582(c)(1)(A).

[27] *United States v. McGee*, 992 F.3d 1035, 1043 (10th Cir. 2021).

[28] *Id*. at 1042 (internal citations and quotation marks omitted).

[29] *Id*.

[30] *Id*.

[31] *Id*. at 1043.

[32] *Id*.

[33] *United States v. Groat*, No. 2:17-CR-104, 2021 WL 1238101, at *3 (D. Utah Apr. 2, 2021) (*quoting McGee*, 992 F.3d at 1043 (internal quotations omitted).

compelling reasons, but that this authority is effectively circumscribed by [step two] of the [] test, i.e., the requirement that a district court find that a reduction is consistent with applicable policy statements issued by the Sentencing Commission."[34] However, "the Sentencing Commission's existing policy statement is applicable only to motions for sentence reductions filed by the Director of the BOP, and not to motions filed directly by defendants."[35] Therefore, because the Sentencing Commission has not issued any new policy statements applicable to motion for sentence reductions filed directly by defendants, step two of the test does not apply in this case, and this court has the authority to determine whether Mr. McDonald's Motion presents extraordinary and compelling reasons to grant him compassionate release.

Because Mr. McDonald fails steps one and three of the test, his Motion will be denied.

### Mr. McDonald fails to demonstrate that his circumstances constitute extraordinary and compelling reasons to justify compassionate release.

Mr. McDonald's main argument is that "he is not receiving adequate medical care for his many chronic ailments"[36] because "the halfway house failed to make a doctor's appointment within 30 days of his departure from prison,"[37] so he "was unable to obtain his prescriptions due to the hundreds of dollars in unanticipated costs,"[38] resulting in him being "off his necessary blood pressure medicine for *49 days*."[39] Mr. McDonald argues that "his release to home confinement has had a significantly negative impact on his receipt of essential medical care."[40]

---

[34] *McGee*, 992 F.3d at 1045 (internal quotation marks omitted).

[35] *Id*. at 1050 (internal citations omitted).

[36] Motion at 9.

[37] *Id*.

[38] *Id*.

[39] *Id*. at 10 (emphasis in original).

[40] *Id*. at 9.

These administrative problems were resolved and he resumed taking all of his prescribed medications in December 2021,[41] so his main argument for relief no longer exists. His additional arguments that he is at risk of COVID-19 while in home confinement and fully vaccinated merits very little discussion. Individuals who have been transferred to home confinement are not legally precluded from seeking compassionate release,[42] but they still have to meet the requirements under 18 U.S.C. § 3582(c)(1)(A). While Mr. McDonald has health conditions recognized by the CDC as conditions that make him more likely to get very sick from COVID-19,[43] Mr. McDonald does not explain why his risk is greater than any other vaccinated member of the general population with similar conditions. He is not incarcerated but is at home where he can control his environment and social distance. Current CDC guidance also states that COVID-19 vaccines are effective at protecting individuals from getting sick.[44] There is also only the potential that Mr. McDonald may contract COVID-19 despite being fully vaccinated and this potential exists for any fully vaccinated individual.[45]

District courts across the country have concluded that fully vaccinated inmates with similar medical conditions to Mr. McDonald do not satisfy the extraordinary and compelling standard.[46] Even more so in this case, where Mr. McDonald is not imprisoned but is on home

---

[41] Report ¶ 13 at 5.

[42] *United States v. Ogden*, No. 07-CR-900, 2020 WL 4015730, at *1 (D. Utah July 16, 2020) (denying motion for compassionate release after defendant was placed on home confinement because "the grounds for compassionate release have been satisfied by an alternative means.")

[43] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Mar. 1, 2022).

[44] https://www.cdc.gov/coronavirus/2019-ncov/vaccines/effectiveness/work.html (last visited Mar. 1, 2022).

[45] *Id*.

[46] *United States v. Wills*, 541 F. Supp. 3d 1185, 1191 (D. Or. 2021); *see also United States v. Stephanee Pena,* No. CR1900296001PHXDJH, 2021 WL 1688240, at *2 (D. Ariz. Apr. 28, 2021); *United States v. Sakuma*, No. CR 12-00055 JMS, 2021 WL 1536571, at *3 (D. Haw. Apr. 19, 2021), *appeal dismissed,* No. 21-10135, 2021 WL 5397610 (9th Cir. Sept. 3, 2021); *United States v. Williams*, No. 5:01-CR-00012-KDB, 2021 WL 966028, at *3 (W.D.N.C. Mar. 15, 2021); *United States v. Singh*, No. 4:15-CR-00028-11, 525 F.Supp.3d 543, 547 (M.D. Pa. Mar. 11, 2021); *United States v. Poupart,* No. 3:11CR116 (JBA), 2021 WL 917067, at *1 (D. Conn. Mar. 10, 2021); *United States v.*

confinement, Mr. McDonald fails to show there are extraordinary and compelling circumstances sufficient to warrant a reduction in his sentence.

### The relevant factors of 18 U.S.C. § 3553(a) do not support granting Mr. McDonald compassionate release.

Even if Mr. McDonald had demonstrated extraordinary and compelling reasons to warrant a reduced sentence, the relevant factors of 18 U.S.C. § 3553(a) do not support granting a reduction in his sentence. Mr. McDonald was convicted of one count of wire fraud for embezzling well over $400,000 from the Company.[47] Mr. McDonald embezzled the funds over a period of several years and misrepresented the Company's financial records, violating his fiduciary duties and trust. He was ordered to pay $472,357 in restitution.[48] The Government states that Mr. McDonald revictimized the victims of his crime when he promised to return $30,000 to the victims at sentencing, but failed to do so.[49] When the Government asked him about his failure to pay, Mr. McDonald said he gave the money "to his wife after they divorced," but "[r]equests for documentation of the dissolution of the marriage were ignored" and in "the recent report prepared by the Probation Office, the defendant indicated he is still married."[50] Mr. McDonald did not respond to these assertions by the Government.

The relevant factors of 18 U.S.C. § 3553(a); the serious nature and circumstances of Mr. McDonald's offense (including the large amount of money embezzled from a small business over a period of several years and the breach of trust); the appropriateness of the original 24-

---

*Johnson*, No. 3:02-CR-00068-TBR, 2021 WL 863754, at *2 (W.D. Ky. Mar. 8, 2021); *United States v. McQuarrie*, No. 16-20499-1, 2021 WL 843177, at *5 (E.D. Mich. Mar. 5, 2021).

[47] PSR ¶¶ 2, 6.

[48] Judgment at 6.

[49] Opposition at 13.

[50] *Id.*

month sentence (which was well below the recommended guideline);[51] the need for adequate deterrence and a just punishment; and the need to protect the public from further crimes weigh heavily against reducing his sentence. Finally, while Mr. McDonald's efforts at rehabilitation[52] are significant, the relevant factors of 18 U.S.C. § 3553(a) still do not support granting Mr. McDonald a reduced sentence.

Because Mr. McDonald fails to present extraordinary or compelling circumstances and the 3553(a) factors weigh against granting him a reduction in his sentence, his Motion will be denied. Any remaining arguments by Mr. McDonald lack merit or do not change the outcome of this Order.

## ORDER

IT IS HEREBY ORDERED that Mr. McDonald's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)[53] is DENIED.

Signed March 1, 2022.

BY THE COURT

David Nuffer
United States District Judge

---

[51] PSR ¶¶ 62–63 at 12.

[52] Motion at 12; Report ¶ 11 at 4.

[53] Docket no. 28, filed Dec. 23, 2021.